FILED
U.S. DISTRICT COURT

2012 AUG 10 AM 9:42

CLERK _____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| PERRY LAMAR PITTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV211-155 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Donald B. Fishman ("the ALJ") denying his claim for period of disability, disability insurance benefits, and supplemental security income. Plaintiff urges the Court to reverse and remand the ALJ's decision for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed an application for period of disability, disability insurance benefits, and supplemental security income on December 15, 2008, alleging that he became disabled on July 15, 2007. (Tr. at 115, 122). Plaintiff alleged he became disabled due to a broken femur bone in his right leg for which he has screws and plates, blood clots, and high blood pressure. (Tr. at 149). After his claim was denied initially and upon reconsideration, Plaintiff filed a request for a hearing. (Tr. at 13). On January 6, 2011, the ALJ conducted a video hearing at which Plaintiff, who was represented by counsel,

AO 72A
(Rev. 8/82)

appeared and testified. (Tr. at 13, 28-29). Kenneth Bennett, an impartial vocational expert, also testified at the hearing. (Id.). The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. at 20). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 1-6).

Plaintiff, born on August 1, 1968, was forty-two (42) years old when the ALJ issued his final decision. He has an eighth grade education. (Tr. at 154). Plaintiff has past relevant work experience as a custodian/janitor, hand packager, finish sander, and beam work tender. (Tr. at 18).

## ALJ'S FINDINGS

Pursuant to the Social Security Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v.

2

AO 72A
(Rev. 8/82)

Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset of disability, July 15, 2007, through the date of the ALJ's decision, June 10, 2011.[1] (Tr. at 15). At step two, the ALJ determined that Plaintiff had the following condition considered "severe" under the Regulations: status post fixture of left knee. (Id.). However, at step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. (Id.). The ALJ found that Plaintiff had the residual functional capacity to perform less than the full range of light work. (Tr. at 16). At the fourth step, the ALJ determined that Plaintiff's impairments precluded him from performing his past relevant work as a custodian/janitor, hand packager, finish sander, and beam work tender. (Tr. at 18). However, at the fifth and final step, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. at 19).

---

[1] Plaintiff's date last insured was June 30, 2009. (Tr. at 137).

AO 72A
(Rev. 8/82)

## ISSUES PRESENTED

Plaintiff frames four issues for the Court: (1) whether there was substantial evidence to support the determination to deny Plaintiff benefits; (2) whether the psychological evaluation filed by Plaintiff was considered by the Appeals Council; (3) whether the psychological evaluation, if considered by the Appeals Council, was misinterpreted; and (4) whether Plaintiff's mental incapacity was considered in the determination that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838–39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395

AO 72A
(Rev. 8/82)

F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

**1. Whether the psychological evaluation filed by Plaintiff was considered by the Appeals Council and whether the psychological evaluation, if considered by the Appeals Council, was misinterpreted.**

Plaintiff submitted new evidence to the Appeals Council—a psychological evaluation of Plaintiff performed by Bedell D. Mayers, Ed.S., a certified school psychologist, on June 30, 2011. (Tr. at 315–20). That evaluation states that Plaintiff's full scale IQ is 64. It also states that Plaintiff is severely delayed in intellectual functioning and has negligible academic skills. Plaintiff argues that his mental incapacity,[2] as shown by the psychological evaluation, prevents him from performing the jobs suggested by the vocational expert and the ALJ. Plaintiff questions whether the psychological evaluation was considered by the Appeals Council and, if it was, whether it was misinterpreted.

"If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period

---

[2] At one point, Plaintiff's attorney refers to Plaintiff as "mentally retarded." (Doc. No. 11-1, p. 5). It is unclear whether Plaintiff's attorney intended to argue that Plaintiff meets the listing for mental retardation based on his IQ scores as stated in the psychological evaluation. If he did, that argument is cursory and, therefore, waived. See Outlaw v. Barnhart, 197 F. App'x 825, 828 n.3 (11th Cir. 2006).

on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

The Commissioner argues that the Appeals Council was not required to consider the psychological evaluation because it does not relate to the period on or before the date of the ALJ's decision. (Doc. No. 14, p. 5). The ALJ's decision is dated June 10, 2011. The psychological evaluation was performed on June 30, 2011. However, the data contained in the psychological evaluation, such as Plaintiff's IQ, arguably relates to the period before the date of the ALJ's decision. See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253 (11th Cir. 2007) (wherein the administrative law judge denied claimant's request for benefits on April 29, 2004, and a psychological evaluation prepared on July 14, 2004, was required to be considered).

Plaintiff argues that the Appeals Council did not consider the psychological evaluation. The record establishes otherwise. The Appeals Council considered Plaintiff's new evidence and made it part of the record. (Tr. at 1–5). The Appeals Council denied review because it determined that the evaluation did not provide a basis for changing the ALJ's decision. (Tr. at 2). Plaintiff's argument that the Appeals Council failed to consider his new evidence fails.

Plaintiff also argues that the Appeals Council "misinterpreted" the psychological evaluation. Plaintiff provides no basis for this argument. However, construed very liberally, Plaintiff argues that the Appeals Council erroneously concluded that the ALJ's decision was not contrary to the weight of the evidence. See 20 C.F.R. § 404.970(b) ("The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative

AO 72A
(Rev. 8/82)

law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."). The Appeals Council did not err in denying review because, as discussed in the next section of this Report, even considering the psychological evaluation, the ALJ's decision is supported by substantial evidence and is not contrary to the weight of the evidence.

**II. Whether there was substantial evidence to support the determination to deny Plaintiff benefits and whether Plaintiff's mental incapacity was considered in the determination that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.**

Plaintiff argues that there is not substantial evidence to support the determination to deny Plaintiff benefits. Plaintiff framed as a separate issue an argument that his mental incapacity was not considered in the determination that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. However, Plaintiff's mental incapacity argument is his only argument in support of his claim that the ALJ's decision is not supported by substantial evidence. Plaintiff asserts that his mental incapacity precludes him from performing the jobs suggested by the vocational expert and the ALJ.

The ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 19). Specifically, the ALJ determined that Plaintiff can work as a charge-account clerk, order clerk, and call-out operator. (Id.). The psychological evaluation does not undermine that determination.

According to the Dictionary of Occupational Titles, a charge-account clerk position requires a reasoning level of 3, a math level of 2, a language level of 3, and a

general learning ability level of 3. U.S. DEP'T OF LABOR, DICTIONARY OF OCCUPATIONAL TITLES 205.367-014, 1991 WL 671715 (4th ed. 1991). An order clerk position requires a reasoning level of 3, a math level of 1, a language level of 2, and a general learning ability level of 3. Id. at 209.567-014, 1991 WL 671794. A call-out operator requires a reasoning level of 3, a math level of 2, a language level of 3, and a general learning ability level of 3. Id. at 237.367-014, 1991 WL 672186. Each of these jobs is on par with Plaintiff's mental abilities as shown by his past relevant work. A janitor position, for example, requires a reasoning level of 3, a math level of 2, a language level of 3, and a general learning ability level of 3. Id. at 382.664-010, 1991 WL 673265.

Substantial evidence of the record as a whole supports the ALJ's finding that Plaintiff is not disabled. The ALJ found that Plaintiff suffers from a severe impairment—status post fixture of left knee—but that his impairment does not meet or medically equal a listed impairment. The ALJ determined that, based on Plaintiff's medical records and consultative examination, he has the residual functional capacity to perform less than the full range of light work. Specifically, Plaintiff can lift 20 pounds occasionally and 10 pounds frequently. He can carry 10 pounds frequently and occasionally. In an eight-hour workday Plaintiff can sit for 8 hours with normal breaks and can walk or stand for 10 to 15 minutes at a time for a total of 2 hours in a workday. The ALJ determined that Plaintiff should avoid crawling and climbing ladders, ropes, and scaffolds. Plaintiff has the ability to stoop constantly and crouch, climb stairs, and kneel occasionally. Plaintiff can use his left lower extremity for foot controls only occasionally. Each of these findings is supported by Plaintiff's medical records, as cited by the ALJ. (Tr. at 16–18). Because the ALJ found that Plaintiff could not perform the

AO 72A
(Rev. 8/82)

full range of light work, he properly relied on the testimony of a vocational expert to determine whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and residual functional capacity. Each of the jobs suggested by the vocational expert falls into the range of sedentary work. DICTIONARY OF OCCUPATIONAL TITLES 205.367-014, 209.567-014, 237.367-014. The vocational expert testified that none of the suggested jobs are above an eighth grade educational level. (Tr. at 47). As discussed previously, none of the suggested jobs require greater reasoning, math, language, or general learning ability than Plaintiff's past relevant work as a janitor. As a result, the ALJ's determination that Plaintiff is capable of making a successful adjustment to other work that exists in the national economy and that Plaintiff is, therefore, not disabled, is supported by substantial evidence.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of August, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE